Estate of WILLIAM McCAUSLAND, Deceased, Appellant, v. Application of ANNIE F. McCAUSLAND, Respondent.*

No. 4989; December 21, 1876.

Witness—Party to Claim Against Decedent.—Parties to an action or proceeding, or in whose behalf such is prosecuted, against an executor or administrator on a claim or demand against the estate in course of administration, are not competent as witnesses at the trial.

Witness.—A Claim by One Asserting Herself as the Widow for an Allowance out of the estate of a deceased person is "a claim or demand" against the estate, in the sense of section 1880 of the Code of Civil Procedure.

APPEAL from Probate Court, Santa Clara County.

Campbell, Fox & Campbell for appellant; J. E. McElrath for respondent.

By the COURT.—The respondent claiming to be the widow of Wm. McCausland, deceased, applied to the probate court for a family allowance out of the estate. The application was

*For subsequent opinion, see Estate of McCausland, 52 Cal. 568.

resisted by the heirs at law, on the sole ground that the applicant was not the widow of the deceased. This was the only issue in the cause. At the trial the applicant offered herself as a witness on her own behalf to prove her marriage with the deceased, and that she was his lawful wife at the time of his death. The heirs objected to her competency as a witness. But the objection was overruled and the heirs excepted. She then proceeded to testify to her marriage with McCausland, and that she was his lawful wife at the time of his death.

Section 1880 of the Code of Civil Procedure, as amended in 1874, provides that "parties to an action or proceeding, or in whose behalf an action or proceeding is prosecuted against an executor or an administrator, upon a claim or demand against the estate of the deceased," shall not be competent witnesses.

It is contended on behalf of the respondent that a claim for a family allowance by the widow out of the estate of a deceased person is not "a claim or demand" against the estate in the sense of the statute. But we think otherwise.

On the opposite theory, while a person claiming to be a creditor of the estate on a money demand, however inconsiderable, would not be competent to testify in his own behalf, a person claiming to be the widow of the deceased might establish her right to the whole or a large portion of the estate by her own testimony alone.

We think the case comes fully within the evil intended to be remedied by the statute, and the language of the section is sufficiently comprehensive to include it.

Judgment and order reversed and cause remanded for a new trial.

RHODES, J., Dissenting.—In my opinion a family allowance is not a "claim or demand," within the meaning of section 1880 of the Code of Civil Procedure, and I, therefore, dissent from the foregoing opinion and judgment.